# COOS,

## JULY TERM, A. D., 1839.

### BLAKE & a. *vs.* LADD & a.

Since the statute of July 4, 1834, by which judgment may be rendered against one or more of several defendants, in an action founded upon contract, a defendant who is defaulted, and who has no interest in the controversy between the plaintiff and a co-defendant, may be a witness for the latter.

ASSUMPSIT, on a joint and several note, signed by the defendants.

Hiram Ladd, one of the defendants, was defaulted. John Ladd, the other defendant, pleaded the general issue, and accompanied it with a brief statement, setting up insanity, as to himself, at the time of signing the note, as the ground of defence. It appeared that Hiram Ladd was the principal debtor, and John Ladd surety. John Ladd, having first executed to Hiram a release from all claim or liability to pay him any part of any judgment that might be recovered against him, offered Hiram as a witness, with his consent, to testify to the fact of the insanity of John Ladd, at the time of executing the note. The plaintiffs objected to the competency of the witness, but the court overruled the objection. The jury returned a verdict for the defendant, John Ladd, and the plaintiffs moved for a new trial.

*Wells*, for the plaintiffs, contended that it was against the policy of the law to admit the witness. If the principal, being defaulted, may be a witness for the surety, all sureties will be discharged. And he denied that the statute of July 4, 1834, authorizing judgment against one of several defendants, applied to any cases except where a defendant is " improperly joined."

*Woods,* for the defendant, John Ladd, argued, that being released from all liability to costs, Hiram Ladd was a competent witness. As to the debt, his interest was balanced. There is no consideration of public policy that interferes. The cases all turn upon the question of interest. 7 *Bing.* 395, *Worrall* vs. *Jones ;* 16 *Pick. R.* 501, *Bradlee* vs. *Neal ;* 2 *Esp.* 552, *Ward* vs. *Haydon ;* 2 *Camp.* 333, *Chapman* vs. *Graves ;* 10 *Pick. R.* 57, *Com'th* vs. *Marsh ;* 1 *Strange* 633, *Rex* vs. *Fletcher.*

The statute of 1834 is inartificially drawn, but it must have been intended to apply to all cases where one made a defendant is not liable.

PARKER, C. J. In *Pillsbury* vs. *Cammett*, 2 *N. H. Rep.* 283, this court held that one of two defendants, in an action *ex contractu,* who had been defaulted, was not a competent witness for the other. The reason given is, that a verdict in favor of the other placed the plaintiff in a situation in which he could not avail himself of the default. The defendant who was thus defaulted had of course an interest to testify in favor of his co-defendant. It is not suggested in that case that there was any policy of the law which should exclude him, aside from his interest. A similar decision is found in 2 *Vermont R.* 138, *Kimball* vs. *Lamson*, and in other cases.

Since Pillsbury *vs.* Cammett was decided, the legislature have enacted " that in all actions where two or more defendants are joined, and it shall be made to appear on trial, by confession or otherwise, that any of the defendants are not liable and ought not to have been joined in the action, the suit shall not for that cause abate or be quashed ; but the said defendant or defendants so improperly joined shall be discharged with costs of suit ;" and the action may thereafter proceed against the other defendant, or defendants, and be prosecuted to final judgment and execution, in the same way and manner as if the defendant or defendants found not liable, and discharged, had not been originally joined in the suit. 2 *N. H. Laws* 160, *June session,* 1834.

In those cases which are within the statute, then, the reason assigned for the decision in Pillsbury *vs.* Cammett no longer exists.

It has been contended that it must appear that a defendant is improperly joined, otherwise he is not entitled to a discharge under the statute; but it is not necessary that it should appear that he was improperly joined, in any other way than by its being shown that there is no cause of action against him. If it appears, even on trial, that any of the defendants are not liable, and ought not to have been joined, the one not liable is to be discharged.

The statute was intended for the benefit of plaintiffs who were before subjected to the loss of suits, founded on contracts, where they failed to sustain the action against all the defendants, notwithstanding good cause of action might be shown against one or more of them. It enables the court in actions founded on contracts as well as in those founded on torts, to render judgment against one or more of the defendants, notwithstanding the action cannot be maintained against others. And the question is, whether this has changed the rule, laid down in Pillsbury *vs.* Cammett, respecting the admissibility of witnesses. The authorities cited by the counsel for the defendant seem to be sufficient to settle this question. In *Bradlee* vs. *Neal,* 16 *Pick. R.* 501, a party to the record, who had been defaulted, consenting to be called, was admitted as a witness for other defendants, a statute of that state having enabled "the plaintiff in an action founded on contract, against several defendants, to take judgment against one or more of them." The particular provisions of the statute are not stated, but the reason given applies fully in this case.

In *Worrall* vs. *Jones,* 7 *Bing.* 379, it was held that a party to the record is a competent witness, provided he be disinterested. One of the defendants who had been defaulted, was there called by the plaintiff, with his own consent, to testify in support of the action, against another defendant, who was a surety for him in a bond. His admissibility was objected

Blake *v*. Ladd.

to, on the ground that he was a party to the record.   Mr. Chief Justice Tindal said :   " No case has been cited, nor can any be found, in which a witness has been refused, upon the objection in the abstract, that he was a party to the suit ; on the contrary, many have been brought forward, in which parties to the suit, who have suffered judgment by default, have been admitted as witnesses, against their own interest ; and the only enquiry seems to have been, in a majority of the cases, whether the party called was interested in the event or not ; and the admission or rejection of the witness has depended on the result of this enquiry."   " That a party to the record should not be *compelled* against his consent to become a witness in a court of law, is a rule founded in good sense and sound policy.   It forms the point in the decision in the case of *The King* vs. *Woodburn*, 10 *East* 395 ; and the decision of that case leads to the necessary inference, that if the party consents to be examined, he is then an admissible witness."

So far as the debt is concerned, the interest of Hiram Ladd is balanced.   It is immaterial to whom he pays the amount.

In Worrall *vs*. Jones, the Chief Justice says, that Jones, the principal debtor, " must himself be ultimately liable, both to the damages and costs recovered in this action."

It may, perhaps, deserve consideration how far a principal, who admits his liability, and is defaulted, is to be made answerable for the costs of a subsequent litigation between his creditor and another defendant, who has signed as surety, but denies that he is or ever has been liable in law.   2 *Esp. R.* 553. That matter, however, need not be discussed at this time, as the witness in this case was released, and his interest, therefore, if he had any, was against the party calling him.

*Judgment on the verdict.*