## WILLIAMS *vs.* LITTLE.

Where one who was an agent in a particular transaction executed a note for his principal, pledged certain other notes and a mortgage as collateral security, and gave his own promise, at the same time, that the lands were of sufficient value to secure the debt, or if they were not, that he would make it good; and the principal afterwards executed another note, for the same sum, in renewal of the first—*Held*, that the change of the note did not operate to discharge the debt—that the notes and mortgage, pledged, might be held as security for the payment of the last note—and that the agent was interested, and inadmissible as a witness for the defendant, in an action upon it.

The exception, admitting the testimony of agents notwithstanding they may have an interest, does not extend to one who was a special agent, in a single transaction, nor to one who has superadded his personal liability, as collateral security, for the debt of his principal.

ASSUMPSIT, upon a promissory note, signed by the defendant, December 5, 1834, for $2500, in six months, payable to the plaintiff, or order, at the Phœnix Bank, Hartford, Connecticut.

The defence was, that one Woodward and the defendant were about to engage in the lumber business, and that a meeting was appointed to agree on the terms and close the contract—that Adams Moore as agent of the defendant, and the plaintiff as agent and friend of Woodward, who was absent, met and agreed upon the terms, one of which was, that Woodward should furnish the defendant $5000, to make purchases of lumber, for which sum the defendant was to give security, and Woodward was to sell the lumber and have a salary or commission—that the plaintiff had agreed with Woodward to advance to the defendant $2500 of that sum, and procured the defendant to sign this note, in order that the plaintiff might raise the money at the bank, to enable him to fulfil his engagement, agreeing that the defendant should not be troubled about it.

For the purpose of sustaining this defence, Adams Moore was called as a witness, who, being examined by the defendant, stated that he had no interest in the cause; but stated further that one George Little gave certain notes and

a mortgage to the defendant—that he, as agent of the defendant, upon the occasion of making said contract, assigned the notes to the plaintiff, as security for a note of $2500, which he then, as agent of the defendant, executed to the plaintiff, to enable him to raise the money as aforesaid, (and for which it appeared this note had afterwards been substituted)—that he agreed that the mortgage also should be assigned—that he represented that the lands were valuable, and sufficient to secure the debt, or more—and that he gave a writing that if they were not as represented, he would make it good.

The sum of $2500, received by Moore, was indorsed upon the back of the written contract between Woodward and the defendant, as part of the money to be advanced by Woodward.

The plaintiff objected to the admission of the witness, that he was interested ; but he was admitted, and the jury having returned a verdict for the defendant, the plaintiff moved for a new trial.

*Bell, & Livermore*, for the plaintiff, contended that the witness was interested, as the result of the suit might be to discharge him from his liability to make good the amount, if the land was insufficient. 16 *Johns.* 93, *Marquand* vs. *Webb.* The liability was fixed, and not contingent, and the substitution of the note sued, for the one originally given, could make no difference.

*Bartlett, & C. Ainsworth*, for the defendant, argued, 1. That the interest of the witness was doubtful, or contingent. 1 *D. & E.* 163, *Carter* vs. *Pearce ;* 5 *Petersdorff's Abr.* 412 ; 3 *D. & E.* 27, *Bent* vs. *Baker ;* 9 *Pick. R.* 357, *Hawes* vs. *Humphrey ;* 1 *Phil. Ev.* 80—82, *and auth. cited ; Ryan & Moody's R.* 31, *Clarke* vs. *Gannon ;* 7 *Cowen's R.* 358, *Chaffee* vs. *Thomas.* 2. That the witness was an agent, and admissible from necessity. 1 *Phil. Ev.* 94; *Ros-*

*coe's Ev.* 85 ; *Payley on Agency* 358 ; 2 *Johns. R.* 189, *Burlingham* vs. *Dyer;* 2 *N. H. Rep.* 79, *Whiting* vs. *Bradley;* 8 *Cowen* 215, *Sewall* vs. *Fitch;* 13 *Mass.* 379, *Fisher* vs. *Willard;* 2 *H. Black. R.* 590, *Benjamin* vs. *Porteus;* 1 *N. H. Rep.* 192, *Strafford Bank* vs. *Cornell;* 10 *Barn. & Cres.* 858, *Hunter* vs. *Leathley;* 11 *Mass.* 242, *Phillips* vs. *Bridge;* 13 *Pick.* 79, *Allen* vs. *Hawks.*

PARKER, C. J.   It is said that the interest which excludes a witness must be a present, certain, vested interest ; and not uncertain, or contingent.   2 *Stark. Ev.* 745.   But the instances given of a contingent interest, within the meaning of this rule, are cases where it was uncertain whether the witness would ever have any interest, or derive any benefit. The interest is not contingent where the necessary legal consequence of a verdict will be to better the situation of a witness, by either securing an advantage, or repelling a loss. *Ditto* 746.   So a witness is interested, and inadmissible, if the record would be the instrument of securing to him some advantage, or of repelling some charge against him, in a future proceeding.   2 *Stark. Ev.* 747.

Tested by these rules, the case shows that the witness was interested, and ought not to have been admitted.   It appeared, from his statement, that as agent of the defendant he had made a contract with the plaintiff, (who was the agent and friend of Woodward,) and in behalf of the defendant had executed a note of $2500, to the plaintiff, to enable him to raise money which the plaintiff had agreed to advance for Woodward—that he assigned to the plaintiff certain notes of George Little, payable to the defendant, not as security to Woodward for the money to be advanced by him on the contract, but to secure the note of $2500, thus executed to the plaintiff, to enable him to raise the money ; and he agreed that a mortgage from George Little, made to secure these last mentioned notes, should also be assigned.   At the same time he represented that the lands included in the mortgage were

valuable, and sufficient to secure the debt ; and gave a writing that if they were not so, he would make it good.   The note now in suit it appears is a mere renewal of the note for $2500, so executed to the plaintiff, and has been substituted in its stead.   Although the security has been changed, the debt remains, having the same validity it had upon the execution of the first note.   2 *N. H. Rep.* 525, *Elliot* vs. *Sleeper ; N. H. Bank* vs. *Willard,* 10 *N. H. Rep.* 210.   The pledge of the notes of George Little is as available to secure the note now in suit, as it was to secure the one for the same sum first executed, and the contract of the witness for the assignment of the mortgage, and his guaranty that the lands were sufficient to secure the debt have never been discharged.   If the plaintiff recovers in this suit, the witness may be sued on his contract, and guaranty.

It is true that he might not be made liable in such suit, if the mortgage has been assigned ; for satisfactory proof that the lands were sufficient, at the time, as represented, might entitle him to a verdict.   In that sense his liability may be said to be contingent.   It may never be alleged that his contract has been broken ; and if there is an attempt to charge him, the proof may fail of establishing any breach.   But although the eventual liability to damages may be contingent, the interest is direct and certain.   The witness is under an obligation which is collateral to the note in question, and in the hands of any third person, (to whom the plaintiff had *bona fide* passed this note, with the notes and mortgage of George Little, and the guaranty of the witness,) the obligation of the witness would stand as a security for the note now sued, to the extent of the promise.   The defence set up in the case shows this, for it is admitted that this note was signed by the defendant.   If it was an accommodation note, it would be good, and the collateral security available, in the hands of a *bona fide* indorsee.   The security is equally good in the hands of the plaintiff, if the defence fails, and the plaintiff is entitled to maintain an action on the note.

Williams *v.* Little.

The defendant contends that the note is invalid in the hands of the plaintiff.　If the defence prevails, it will operate directly to discharge the witness on his contract, as that is entirely collateral to, and dependant upon, the subject matter of the suit.　Payment, or a release of the note in suit, would discharge the liability of the witness.　If the plaintiff cannot recover, the witness is secured against any claim upon his contract, whether the lands are of sufficient value or not. A verdict for the defendant secures to the witness a certain advantage, by operating to discharge his liability, and the record might be used by him, in a subsequent suit, should the plaintiff institute one against him.

Should the plaintiff recover, it would be evidence against the witness, to establish, *prima facie* at least, the indebtedness of the defendant, to which the contract of the witness is collateral.

The case is somewhat analagous to that of bail, who are liable to have the body of the principal forthcoming if the plaintiff obtains judgment, but are discharged if the suit fails ; or of that of a receipter, who has permitted the goods attached to go back into the possession of the debtor.

It has been farther contended, that the witness was admissible from necessity, because he acted as agent in making the contract for the defendant ;  but this position cannot be maintained.

The exception to the rule, by which agents are admitted to testify notwithstanding they may have an interest, relates to general agents acting in the ordinary course of business, (4 *D. & E.* 589, *Green* vs. *The New River Co. ;* 19 *Wend. Rep.* 457, *Noble* vs. *Paddock ;*) and is not applicable to a person employed as agent in a single transaction, (8 *Barn. & Cres.* 407, *Edmonds* vs. *Lowe ;* 15 *Wendell* 314, *United States Bank* vs. *Stearns ;* 2 *Stark. Ev.* 753 ; *Roscoe's Evid.* 85,) nor to one, who, by special contract, has superadded his own personal liability, as collateral security, for the debt of his principal.　　　　　　　　　　*New trial granted.*