## BOWMAN *vs.* NOYES & a.

By the practice in this state, when a default is entered, the court assess the damages, unless, for special reasons, it be deemed expedient to order an inquiry of damages by the jury. If one defendant be defaulted, and another plead, the jury, if they find for the plaintiff, assess damages, for which judgment is rendered against all.

A defendant who is defaulted cannot be a witness for another defendant who pleads to issue, where the defence is not personal to the latter, or where it may affect the damages against the one defaulted.

In an action, on a contract, against two or more, if one defendant be defaulted, and another, under the general issue, set up and maintain a defence which negatives the plaintiff's right to recover against either of the defendants, and shows that he had no cause of action; the plaintiff will not be entitled to judgment against the one who is defaulted, and he cannot, therefore, be a witness for the other.

Where one defendant sets up several matters of defence, some of which are per-

sonal to himself, and others go to show that the plaintiff has no cause of action against any of the defendants, one who is defaulted cannot be a witness to sustain any of the matters of defence.

ASSUMPSIT, upon a promissory note of the defendants, dated August 30, 1833, payable to J. B. Bowman, or order, on demand, with interest, and indorsed to the plaintiff.

The writ was dated Dec. 7, 1840. John M. Noyes, one of the defendants, was defaulted. The other defendants, Moses Noyes and Sawyer, pleaded the general issue, and the statute of limitations.

There was no evidence to take the case out of the statute, as to Sawyer.

Moses Noyes, on the trial, contended that he was a surety, and was discharged by a contract for delay; and also that the note had been paid by the principals; and he offered said John M. Noyes as a witness; and for this purpose executed to him a release of all claims for costs and expenses incurred by reason of the suit. The plaintiff objected to his admissibility, but the court overruled the objection, and he testified that Moses Noyes was a surety, and that a contract for delay had been made between himself and J. B. Bowman. He also gave evidence tending to show that demands, belonging to himself and Sawyer, had been assigned to J. B. Bowman, for the purpose of paying this note, and that part of said demands had been collected by Bowman.

The jury having returned a verdict for the defendant, the plaintiff moved for a new trial on account of the admission of the witness.

*S. D. Bell*, for the plaintiff. 1. We contend that the jury who try the issue are bound to assess the damages against the defendant who is defaulted. 6 *Cowen* 600, *Van Schaick* vs. *Trotter;* 2 *Archbold's Prac.* 9; 2 *B. & P.* 163, *Dicker* vs. *Adams;* 2 *Tidd's Pr.* 802; 11 *Co.* 5, *Haydon's case;* *Archbold's P. F.* 338; *Imp. Prac.* 408. 2. That in actions of tort, to which the case is most nearly assimilated by our

statute, there is this distinction, that when the plea of one defendant shows the plaintiff could not have any action against either, then he cannot have a judgment, even against him who is defaulted.

The general issue, by the loose decisions of the courts, is, in assumpsit, equivalent to various other pleas; and among others to the plea of payment. One defence, attempted to be made out in this case, is payment. If established, it shows the plaintiff has no right to recover against either of the defendants. *Tidd's Prac.* 802; 2 *Ld. R.* 1372, *Biggs* vs. *Greenfield & Benger;* 1 *Stra.* 610, *S. C.;* 8 *Mod.* 217, *S. C.; Cro. Jac.* 134, *Marler* vs. *Ayliffe & Eglett.* 3. The law is conceived to be well settled in England, New-York, Pennsylvania, and Connecticut, that a party can never be a witness for his co-defendant, until the action is at an end as it regards him, either by acquittal or conviction. The rule is laid down as generally applicable to all suits. 6 *Cow.* 313, *Bohun* vs. *Taylor;* 6 *Binn.* 316, *Wakeley* vs. *Hart;* 1 *Day* 34, *Bostwick* vs. *Lewis;* 10 *Johns.* 95, *People* vs. *Bill;* 5 *Esp.* 155, *Rex* vs. *Lafone;* 2 *Camp.* 333, *n, Chapman* vs. *Graves.* The case of *Ward* vs. *Haydon,* 2 *Esp.* 552, is overruled in 6 *Cowen,* and the other cases. The elementary books, (2 *Stark. Ev.* 1063; 1 *Phill. Ev.* 63,) are founded solely on this case.

*Perley,* for the defendant, Moses Noyes, to show the admissibility of the witness since the statute of July 4, 1834, providing that one defendant may be discharged, and judgment rendered against the others, cited 2 *N. H. Rep.* 283, *Pillsbury* vs. *Cammett;* 2 *Esp. R.* 552, *Ward* vs. *Heydon;* 1 *Phil. Ev.* 62; 19 *Pick. R.* 260, *Chaffee* vs. *Jones & a.;* *Essex Bank* vs. *Rix, Coos, July,* 1839, (10 *N. H. Rep.* 201.) And he argued that the court would modify their practice, and mould their judgments so as to carry into effect the intention of the legislature.

PARKER, C. J.    The only question in this case is, whether John M. Noyes was rightly admitted as a witness.    He is one of the defendants ; but his being a party to the record does not necessarily exclude his evidence, if he consents to be examined, and has no interest.    He made no defence to the action, and his default was entered of record before his examination.    The other defendants, Moses Noyes and Sawyer, pleaded the general issue, and the statute of limitations. Upon the trial of these issues, Moses Noyes, under the general issue, relied upon two matters in defence, either of which, if sustained, would entitle him to a verdict.    He contended that he was a surety, and that a binding contract for delay had been made between the payee of the note and John M. Noyes, one of the principals, which operated to discharge him.    This was a defence personal to himself, and not affecting the justice of the plaintiff's claim against John M. Noyes and Sawyer.

The contract for delay, if it was made, was before the indorsement of the note ; but it furnished a good defence against the plaintiff, who must, in such case, have taken it after it was due.    6 *N. H. Rep.* 504, *Wheat* vs. *Kendall.*

The other ground of defence, by Moses Noyes, was payment, by J. M. Noyes and Sawyer, or from the avails of property belonging to them, which went into the hands of the payee.    If this point of the defence was true, the plaintiff had in fact no cause of action against any one.  It might be shown to be true in part, and thus reduce the amount apparently due upon the note.    These matters, and the issue on the plea of the statute of limitations, being on trial, John M. Noyes was offered and admitted as a witness, and gave evidence tending to support both branches of the defence relied upon by Moses Noyes, under the general issue.

Since the statute of July 4, 1834, by which one defendant, in an action founded on contract, may be discharged on trial, and judgment rendered against the others, we have decided that one defendant in such action, being defaulted, and

released from costs, may be a witness to sustain a defence by another, who was surety, the defence being personal to the surety. *Blake* vs. *Ladd*, (10 *N. H. Rep.* 190;) *Essex Bank* vs. *Rix*, (*Ditto* 201.) In the latter case a *quere* was suggested, whether the defendant who was defaulted could be admitted as a witness, when the defence was of a nature, if true, to show that no judgment ought to be rendered against either of the defendants; but the matter was not decided.

Some of the authorities cited in this case, by the plaintiff's counsel, show that according to the course of proceeding in England, and New York, where, in an action for a tort, one defendant is defaulted, and another pleads to issue, the jury who try the issue are also to inquire of, and assess the damages against, the one who is defaulted. 6 *Cowen's R.* 313; *Ditto* 600, *and auth. cited; Rich. Pr. K. B.* 225.

In actions on contracts, also, where one is defaulted, and others plead, as it is not known whether those who plead "will be convicted of the premises; and if they shall be convicted, it is convenient and necessary that there should be but one taxation of damages for the whole premises in one writ specified, and those damages ought to be settled by the jury of the country in that behalf," the writ of inquiry of damages, against the one defaulted, is stayed, until the issue between the plaintiff and the others is determined, and the jury summoned as well to try the issue, "as also to inquire what damages the plaintiff hath sustained by occasion of the premises aforesaid." 2 *Rich. Pr. C. P.* 18.

Other authorities cited by the plaintiff's counsel show, that if one defendant pleads matter whereby it appears that the plaintiff has no cause of action, and obtains a verdict, the plaintiff is not entitled to judgment against a defendant who has been defaulted. 2 *Ld. Raym.* 1372, *Biggs* vs. *Benger;* 1 *Strange* 610, *S. C.; Cro. Jac.* 134, *Marler* vs. *Ayliffe.* The whole record shows that the plaintiff had no cause of action.

Of course, in these two classes of cases, a defendant who

was defaulted could not be admitted as a witness for another defendant who pleaded. In the first class, because the assessment of the damages against himself was to be inquired into at the same time with the trial of the issue against the other defendant, and might be affected by his evidence. 1 *Carr. & Payne* 577, *Marsh* vs. *Smith, and auth. before cited.* And in the other class, because a successful defence, by the other defendant, would be an effectual protection to him against the plaintiff's action.

The practice in this state, when a default has been entered, is for the court to assess the damages, instead of awarding a venire, unless for special reasons the court should order an inquiry into the damages by the jury. And where, in actions on contracts, one defendant is defaulted, and another defends, there has not been, in point of form, any inquiry of damages against the one defaulted ; but in practice, the jury have, in effect, assessed them, if they found against the other defendant. If they found for the one who pleaded, prior to the statute of 1834, no judgment was rendered against the one defaulted. 2 *N. H. Rep.* 283 ; 3 *N. H. Rep.* 115. If they found against him, the assessment of the damages has been general, and judgment rendered against all for the amount of the verdict. It has been the same, in effect, therefore, as if a venire *tam quam* had been awarded, and the damages formally assessed against all by the verdict. The mode of assessing damages in actions for tort has been similar. If one is defaulted, and another pleads, and there is a verdict against him, judgment is rendered against both for the amount of damages assessed by the jury, which seems to be sufficiently warranted by a case cited, 5 *Co.* 6. If the one who defends obtains a verdict, then damages are assessed on the default, as if there had been originally but a single defendant.

Such being the practice, it is apparent that a defendant who is defaulted cannot be a witness for another defendant who pleads to issue, where the defence is not personal to the latter, or where it may affect the damages against the one defaulted. He has in such case a direct interest.

When there is no controversy about the amount, as where in an action on a promissory note one is defaulted, and the other sets up in defence that he is a surety, and has been discharged by a contract to give time, the one defaulted has, since the statute of 1834, no interest unless it be in the costs. There being no dispute about the amount, the assessment of damages by the jury against the one who pleads, if they find a verdict against him, is but matter of computation; and judgment, whether the defence is successful or unsuccessful, is to be rendered against the one defaulted, for the amount apparently due on the note. So when, in an action upon a note, one by a default admits a cause of action, and another relies upon the statute of limitations, which he may well do if there is no evidence to take the case out of the statute as to him. So where one promiser is default, and the other pleads infancy.

But when the damages for the breach of an alleged joint contract are uncertain, if one by his default admits a cause of action against himself, and another pleads, and denies that he is liable, there is not only an inquiry to be gone into whether the one who pleads is jointly liable with the other, but there is to be a farther introduction and consideration of evidence, in order to ascertain and render certain the amount of damages, if the contract is broken; and the amount assessed by the jury on the issue, if they find for the plaintiff, will be taken as the measure of damages against the defendant who is defaulted. What was before uncertain as to him will be rendered certain and established by the verdict. He has, in such case, an evident interest, at least to reduce the amount. So where one of two sued on a joint contract is defaulted, and the other sets up in defence that he has paid the demand—the evidence may extend to defeat the action against him entirely, or it may be sufficient to reduce the damages; and if the one defaulted was admitted as a witness, he might at least effectually reduce the amount of the judgment against himself.

Bowman *v.* Noyes.

Had the defendant, Moses Noyes, in this case, pleaded payment, specially, and the plaintiff replied, denying the fact, J. M. Noyes could not have been admitted as a witness, for the reason that the verdict of the jury, in favor of Moses Noyes, on that issue, would have been an effectual bar to a judgment against himself, it appearing from the whole record that the plaintiff had no cause of action.

Is this result to be produced in no case where the matter does not specially appear on the record? In the present case, one ground of defence was payment, and this defence Moses Noyes had the right to make under the general issue. He might have pleaded it specially, but was not bound to do so. 1 *Chitty's Pl.* 499. Had this been his sole defence, and had it been sustained by the verdict of the jury, finding the technical issue that he "never promised," because the evidence clearly established the fact that the note had been paid and satisfied, ought a judgment to be rendered against John M. Noyes, on his default, for the amount of the debt thus shown by the verdict to have been once paid, because the fact of the payment did not appear of record, the precise nature of the defence not having been set forth by the plea? It would be as fully within the knowledge of the court, that the jury had found, on competent evidence, that the note was paid, as if there had been a special plea. Must the court, when it came to dispose of the action, on the default, know nothing of the nature of the defence which had been tried, because it could not be seen upon the face of the record? Must the evidence of its senses be disregarded, and the court be bound to render a judgment on the default, and issue an execution to enable the plaintiff to obtain what it was apparent would be second payment of his debt, because a defendant had perhaps been careless or inattentive? It has been urged by the counsel for the plaintiff, that where, by the rules admitting general pleading, the plea is such that the matter of defence does not appear upon the record, the court having knowledge of the nature of the defence, and what was in fact found by

the jury, should apply the same rules as if the plea had placed the particular matter of defence on the record; and that in this case, one part of the defence being payment, the same rules respecting the admissibility of witnesses, and the rendition of judgment, should be applied, as would have been done had the plea been payment. There are certainly very strong reasons for such a course, where there is as much certainty as to what has been in fact tried and found, as if it had been put in form upon the record itself. If the law allows parties to go to trial upon general pleadings, which do not reduce the precise point in controversy to the shape of an issue, that is no reason why courts should be ignorant of what has been done, or refuse to take notice of it.

There are cases in which a court cannot assume to say upon what precise ground the jury have found a general verdict ; but there are others where they know, not only that a party has obtained a verdict, but upon what particular ground he entitled himself to it. It is little less than preposterous to say that they must shut their eyes upon this matter, because the pleading has not spread it upon the record—because the law has allowed a general count, or a general plea. A court must judicially take notice of what is on trial before it, while the matter is in progress ; and it would seem may as well after a verdict take notice of what has been done, if the matter is of a nature to admit of no actual doubt respecting the precise grounds upon which the case has proceeded, and the jury have found their verdict.

Where cases are tried under such general pleadings, there must sometimes be an inquiry, by evidence, in another court than that in which the proceedings were had, to ascertain what was the precise matter tried ; and when so ascertained, it may furnish ground to sustain another action. 3 *Pick.* 429, *Parker, Adr.*, vs. *Thompson.* This shows that courts may receive evidence of what has been tried, and act upon the knowledge of it, where there is no special plea, and no record evidence of the matter.

Bowman v. Noyes.

We are of opinion, therefore, that in an action on contract against two or more, if one defendant is defaulted, and the others, under the general issue, set up and maintain a defence which clearly negatives the plaintiff's right to recover against either of the defendants, and shows that he has no cause of action, the plaintiff cannot be entitled to judgment against the defendant who is defaulted. The court ought to take notice of the defence in such case. Prior to the statute of 1834, if one defendant made a good defence, in an action on contract, no judgment could be rendered against another, although defaulted. It was not necessary that the nature of the defence should appear on the record. It was sufficient for the discharge of all, that one entitled himself to a verdict, even if the evidence in support of his defence proved that there was cause of action against the others. There is nothing in the statute to prevent the application of that rule still, where the defence of the one who pleads is of a nature to show conclusively that there was no cause of action against the other.

It follows, that in such case the defendant who is defaulted cannot be a witness for the other, because he has an interest. A verdict for that other will operate to discharge him.

There are cases where there is an intermixing of defences, by one defendant, some of which are personal to himself, and others go to show that the plaintiff has no cause of action against any of the defendants. Such was this case. Moses Noyes might have been discharged under his plea of the statute of limitations, and judgment still have been well rendered against J. M. Noyes, on his default. So under the general issue, Moses Noyes might have entitled himself to a verdict, on the ground that he was a surety, and had been discharged by a contract for delay, made by J. M. Noyes with the creditor, and J. M. Noyes, if that had been all the matter of defence, would still have been liable on his default. The very defence set up by one in his own behalf, would tend to show that the other was legally liable, as was admitted by the

default. But the part of the defence introduced under the general issue, in which Moses Noyes relied upon evidence of payment, was as well applicable to J. M. Noyes as himself, and might succeed in whole, or in part. In such cases, where several matters are tried under the general issue, some of which go to the personal discharge of the defendant who pleads, and some to the entire cause of action, as the jury may give a general verdict, and cannot be required to find specially, (3 *Adolph. & Ellis* 506, *Mayor, &c., of Devizes* vs. *Clark,*) the record cannot show, and perhaps the court cannot know, upon what point the jury found their verdict, and for that reason the defendant who is defaulted cannot avail himself of the verdict in his own discharge. The present case is of that character. The verdict being a general verdict, there is nothing by which the court can ascertain whether the jury found that Moses Noyes " did not promise," because there had been a contract for delay which discharged him, or because the demands which went into Bowman's hands had, in their belief, been collected to a sufficient amount to operate as an entire payment. It would seem, therefore, that notwithstanding this verdict, judgment might, and ought to be rendered against J. M. Noyes, on his default, because there is nothing on the record, or within the knowledge of the court, by which he can entitle himself, against his own default, to the benefit of the defence made by another defendant.

But this consideration cannot avail, to sustain the ruling by which he was admitted. Whether that was correct does not depend upon this result. Its correctness must be ascertained, not by the verdict, which may have resulted from his testimony, but upon the case as it stood at the time of his admission. If the verdict had been for the plaintiff, for a sum less than the amount apparently due on the note, the witness might have availed himself of that verdict, to reduce the damages against himself. He had an interest, therefore, at the time he was admitted.

It appears, also, that his evidence went, not only to the contract for delay, but to the defence of payment, which, had it stood alone and been successful, might have been used in his own discharge ; but this is immaterial here.   Had he been admitted professedly to sustain a point of the defence, in which, if standing alone, he had no interest, he might incorporate into his testimony matter which would have a material bearing upon another point in which he had a direct interest ; and the rule is, that one who has an interest in the cause cannot be admitted to testify to particular matters, in which he has no interest.

*New trial granted.*