## Morse *vs.* Green.

If a note be signed by a principal and surety, and an action be brought thereon by the payee against the surety, the principal will be a competent witness for the plaintff.

If the defendant have authorized another to subscribe his name to a note, the fact that the signature was placed there by an agent need not appear on the note.

Parol evidence is admissible to prove that the name of a person who appears to be one of the makers of a note, was not written by him, but by another person by his direction; as such evidence neither limits nor enlarges the terms of the contract.

A person who was indebted to a firm upon its dissolution, at the request of the partners gave his promissory note to one of the partners, in payment of a part of the debt, and another note to the other partner, in payment of the residue— the partners having agreed among themselves that the debt should be divided in this manner. In an action on one of the notes against the maker, brought by the payee, it was *held* that the other partner was a competent witness for the plaintiff.

Assumpsit, on a promissory note, dated on the 8th day of June, 1840, made by the defendant and Sylvester N. Tracy, jointly and severally, and payable to the plaintiff in the month of January, 1841.

Plea, the general issue.

The plaintiff proposed to prove the signature of the defendant to the note by Tracy, and that Tracy signed the name of the defendant to the note, by his request; to which the defendant objected; but the court admitted the witness, and he testified that he, at the request of the defendant, who was then unwell, signed the name of the defendant to the note, which was given for the benefit of the witness and for his debt, and that he, Tracy, also signed his own name to it.

The defendant also objected, that inasmuch as the name of the defendant appeared on the face of the note to be written by the defendant himself, without any thing to show that it was signed by an agent for him, it was not competent for the plaintiff to show that it was signed by an agent, but that the agency should appear on the face of the note; but the court overruled the objection.

It appeared from the testimony of Tracy, that before this

Morse v. Green.

note was given, he was indebted to the firm of Morse and Lynde, in about $100·00, upon a book account ; that the firm was dissolved in the month of April, 1840, and that, to secure the debt, he gave them a bill of sale of his household furniture ; that by request of the firm he gave two notes for the debt, one for a part of it to Morse, and another for the remainder to Lynde, in payment of the account, and his bill of sale was then discharged, and his furniture released. The notes were divided in this way in order that Lynde should take a part of the debt and Morse a part, and Lynde was to take only so much, by an agreement between the partners, as it was thought Tracy might pay. Tracy also testified that he did not inform the plaintiff that he had signed the name of the defendant to the note. Tracy married the daughter of the defendant.

The plaintiff then proposed to examine Lynde as a witness ; but the defendant objected, that he was interested in the event of this suit, and introduced a witness, who testified that about the middle of October, 1841, Lynde told him that he had just received a letter from his attorney about his suit then pending here against the defendant, (Lynde having then a suit pending here on the other note which was also signed by the defendant,) and that Tracy owed Morse and himself about $100.00, and turned out his furniture to secure it, and that he must get his case put over ; that he could be a witness for Morse, and he thought that as one case went the other would, as they were both given originally for one debt. Lynde did not say whether he had or had not any interest in this suit, but only that he could be a witness for Morse.

The court ruled that Lynde was competent, and he testified that he had no interest in this suit ; that after the dissolution of the partnership, it was agreed that in the division of the effects he should take nothing but good notes ; and he was unwilling to take the whole of the Tracy debt as good, but consented to take $50·00 of it, and take the house-

hold furniture as security; that afterwards, Tracy brought him a note for his share, signed by the defendant, and the property was released ; that on the division, each partner was to have his interest severed from that of the other, and that he had no interest in that part of this debt assigned to Morse, nor had Morse any interest in his part, and the notes were given with that agreement ; that after Tracy brought the notes signed by the defendant, he went to the defendant and told him he supposed he was the man who signed the notes with Tracy, and that the defendant replied that he was; that he did not like to sign the notes, but, as the property was situated, he did not see how he could help it ; but he thought Tracy was honest, and would not let him suffer.

Upon this evidence a verdict was taken, by consent, for the plaintiff, upon which judgment is to be rendered, or it is to be set aside and a new trial granted, according to the opinion of the court.

*Harvey Chase*, (with whom was *Handerson*,) for the plaintiff.

*Freeman*, for the defendant.

GILCHRIST, J.   The note purports to be signed by Green and Tracy ; and the first question that presents itself is, whether Tracy be a competent witness to prove that he signed Green's name to the note by his direction and assent.

The only objections to the testimony of a party to a negotiable note are, that he is interested in the result of the suit, or incompetent from infamy. *Haines* v. *Dennett*, 11 *N. H. Rep.* 180.   It is evident that Tracy was called to sustain, and not to impeach the note, and therefore the only objection that could have been urged against his competency, in any state of the law, as a party to a negotiable note, could not exist.   His testimony was also against his interest ; for if the plaintiff should recover, Tracy would be bound to pay

to the defendant whatever sum the latter should pay the plaintiff, as the defendant was only a surety for Tracy. *York* vs. *Blott, 5 M. & S.* 71. Where there were three obligors, and the action was brought against one of them only, the other obligor was allowed to be a witness to prove the execution of the bond by the defendant, after a case had been made of it at nisi prius, and a conference had with *Tracy* and *Dormer,* justices. *Lockart* vs. *Graham,* 1 *Strange* 35. In a several action on a note by the payee against the surety, the principal is a competent witness for the defendant, as his interest is exactly balanced. *Freeman's Bank* vs. *Rollins,* 1 *Shepley* 205. We are, therefore, of opinion that Tracy was properly admitted, as he was the principal, and bound to pay the whole debt at all events, and was not interested to increase the number of the parties liable, and diminish the amount of his liability in proportion as that number was increased. Tracy was not admissible, within the exception which authorizes the admission of agents, although they may have an interest, as that exception does not apply to a person employed as an agent in a single transaction ; *Williams* vs. *Little,* 12 *N. H. Rep.* 33 ; but on the ground that he had no interest in the result of the suit. It is not necessary to inquire how far he may be liable to the defendant for the costs of this suit ; *Blake* vs. *Ladd,* 10 *N. H. Rep.* 193 ; as he has testified against his own interest in any event, and the defendant cannot object that his testimony tends to make him liable for such costs as the defendant may be compelled to pay to the plaintiff.

Another question raised by the case is, whether the fact that the name of the defendant was not signed by himself personally, but by an agent, should appear on the note.

No reason occurs to us why the agency should thus appear. If a party assent or direct that another should subscribe his name to a simple contract, he will become a party to it, and will be bound by it. The contract will not be contradicted nor varied, although parol evidence be admitted to prove that

the name was written by an agent ; for the contract will still be the contract of the principal, and proof of the particular manner in which his assent was signified will neither limit nor enlarge its terms. This point has been adjudged in the *Mechanicks' Bank of Alexandria* vs. *Bank of Columbia*, 5 *Wheaton* 326. The question in that case was, whether a check drawn by William Paton, who was cashier of the Mechanicks' bank, were drawn by him in his official capacity, thus making the bank liable, or in his individual capacity. Parol evidence was admitted to prove that it was an official act. Mr. Justice Johnson there says, that " it is by no means true, as was contended in argument, that the acts of agents derive their validity from professing on the face of them to have been done in the exercise of their agency. In the more solemn exercise of derivative powers, as applied to the execution of instruments known to the common law, rules of form have been prescribed. But in the diversified exercise of the powers of a general agent, the liability of the principal depends upon the facts, firstly, that the act was done in the exercise of the power ; and secondly, that it was within the limits of the powers delegated." We are of opinion that this objection must be overruled.

A further question in the case is, whether Lynde were a competent witness. He was competent, unless he were interested in the result of the suit ; and he was not interested, if his share in the debt due the firm of Morse and Lynde were severed, so that he held it separate from the interest of his former partner, and if Morse's interest were in like manner distinct. This species of partnership property was, in its nature, separable ; and, when severed, it would cease to be the property of the firm, but each would hold his share independent of the other. Tracy's testimony is, that the sum due upon account to the firm was, by their request, divided into two parts, in payment of one of which he gave a note to Morse, and of the other to Lynde. If a debt due to several jointly can ever become the separate property of

one or more of them, it would seem that a transaction like this would sever the joint interest ; and it is difficult to see what interest either of the partners could retain in that portion of the debt assigned to the other. In the case of *Smith* vs. *Allen*, 18 *Johns.* 245, it was held that where two are jointly concerned in a contract of sale, their interests may be severed by a parol agreement on good consideration ; and one of them, after this dissolution of their joint ownership, is a competent witness for the other, in a matter growing out of the contract—the witness having released all his interest in the contract. In the case before us, the notes were given in payment of the account, and the acceptance, by each, of the note payable to himself, appears to have been a part of the adjustment of their partnership affairs. The case of *Austin* vs. *Walsh*, 2 *Mass.* 401, is in point upon this matter. There A. and B. jointly shipped goods and consigned them to the master, for sale and return, A. only being known to the master in the transaction. After the ship had sailed, A. and B. agreed to sever their interest, and A. gave B. a written order on the master, to account to B. for one half the proceeds. In a suit by B. to recover this half of the proceeds, it was held that A. was a competent witness for the plaintiff.

It is also to be remarked, that the declarations of Lynde do not tend to show that he had any interest in the note payable to Morse, or in the result of the suit. He undoubtedly felt a desire that Morse should recover, for the reason he stated, that one case would follow the fate of the other ; but he merely expressed the opinion that he could be a witness for Morse, which is the same conclusion at which the court have arrived.

We are of opinion that this objection, also, must be overruled, and that there should be

*Judgment on the verdict.*