## MANCHESTER BANK *v.* MOORE *& a.*

A defendant who has suffered a default may testify for the plaintiff, in an action against the co-defendant, if he have no interest in the cause to charge them.

Evidence that he stands in such relation to the parties as to render his testimony admissible, may be received on the trial of the cause, and upon such evidence the judge may admit the party to testify, although such decision would necessarily, in some degree, prejudge the issue; the judge's decision, in such case, having no effect whatever, except to admit the witness to testify.

ASSUMPSIT. The writ was dated February 26th, 1847, and contained one count, which was for money had and received. The specification under the count was of a promissory note, as follows:

$1,200.          Manchester, N. H., August 24th, 1846.

For value received, we, the subscribers, jointly and severally promise to pay the president, directors and company of the Manchester Bank, or order, twelve hundred dollars at said bank, on demand, with interest after ninety days, giving said bank the right of collecting this note at any time, or of extending from time to time, by the reception of interest, in advance or otherwise, the payment of the whole or any part thereof, as may be convenient or agreeable to the bank, or either one of the parties hereto.

DAVID F. MOORE,
ARCHELAUS MOORE,
BENJAMIN F. SWETT,
GEORGE W. MOODY,
THOMAS L. WHIDDEN.

The said Swett and Moody pleaded the general issue, and gave notice of the denial of their signatures to the note, and filed their respective affidavits to that effect.

The said David F. Moore, Archelaus Moore, and Thomas L. Whidden were defaulted at the term when the trial took place.

After the commencement of the trial, the plaintiffs called David F. Moore, the first signer of the note, as a witness. He was objected to by the said Swett and Moody. The plaintiffs then offered to place upon the files of the court the written admission of the said David F. Moore, executed after the commencement of this trial, that he was principal upon said note, and that all the other signers were sureties. The court ruled that an admission of this kind, made under the circumstances of this case, would not remove the objections to the said Moore as a witness, and did not permit him to be sworn. The plaintiffs then proposed, for the purpose of having said Moore admitted as a witness, to introduce evidence to the court independent of said admission, tending to prove that said Moore was principal, and said Swett and Moody sureties. But the court ruled that the introduction of such evidence, and a decision upon the same, necessarily involved the question at issue, that is, whether said Swett and Moody signed the note or not, and required the court to decide the case, before trying it by the jury, and the evidence was thereupon ruled out.

The parties, being desirous of obtaining the opinion of this court upon the admissibility of said Moore as a witness, before going into a full trial of the case, the plaintiffs offered, *pro forma*, to introduce evidence to show that the defendants signed said note, and the court, for the purposes of this trial, and to save the rights of the plaintiffs, ruled it out, that the case might come back to the common pleas for a full trial, after the decision of this court upon the competency of said Moore as a witness.

A verdict was thereupon taken, by consent, for the defendants.

And it was ordered that the questions arising upon said case be assigned to this court, for their determination.

*Rogers* and *Pierce*, for the defendants.

*W. C. Clarke*, for the plaintiffs.

Woods, J.　A defendant, who has suffered default, may, if produced in court as a witness, be permitted to testify as such, either in behalf of his co-defendant or of the plaintiff, if he have no interest in the cause which would exclude an individual not a party to the record.　This has been repeatedly held in this State since the act of July 4, 1834, authorizing the plaintiff, in an action against several to take judgment against such as shall appear to be liable, in cases in which the witness has been offered by the defendant. *Blake* v. *Ladd*, 10 N. H. Rep. 190 ; *Bowman* v. *Noyes*, 12 N. H. Rep. 302.

In *Worrall* v. *Jones*, 7 Bing. 379, cited in the first-named of those cases, it was decided that a defendant, who had suffered default, was an unobjectionable witness for the plaintiff against his co-defendant, the witness being the principal and the co-defendant the surety on the bond in suit.　This case is direct to the point, which, indeed, is not controverted in this case, that Moore, who had been defaulted, was a competent witness, if he was, in fact, the principal, and the other parties defending sureties upon the note.

But the paper itself not showing such relation between the parties, but, on the contrary, unexplained, exhibiting them all, if chargeable at all, as principal contractors, has the effect of proving, *prima facie*, that the interest of Moore is to charge the other defendants, in order to render them participant with himself in the burden of the contract.

It was, therefore, correctly deemed by the court below necessary to lay the foundation for his admission, by showing affirmatively, by some means, that the proposed witness was principal on the note, and that the other defendants were sureties.

It was, also, correctly held that his own admission of that relation, although against his interest, was not compe-

tent evidence of the fact, because, if true, he was a competent witness, and also because the state of the plaintiffs' evidence was tantamount to an admission of a contrary state of facts; that is to say, that the defendants to the action were all principals, according to the form of the note produced.

Evidence of another kind having been offered to prove the relation of principal and surety, for the purpose of laying the foundation for the admission of Moore, the court rejected it, because his admission, upon such evidence, would necessarily prejudice the issue, and amount to a decision by the court that Swett and Moody did sign their names to the note.

That this relation of principal and surety may be shown by extrinsic evidence, where it does not appear upon the note itself, was involved in the decision of *Bank* v. *Woodward*, 5 N. H. Rep. 99, and does not appear to be controverted here. There seems to be no reason to doubt that, if the circumstances of the case render it proper that the true relation of the parties to each other should be shown, evidence against the *prima facie* purport of the note itself may be introduced.

And we see no objection to applying the common rule of practice, in such cases, by admitting evidence addressed to the court, in the first instance, that shall legally tend to prove and satisfy them that the proposed witness was principal, and that the defendants were sureties upon the note, in order to show that the objections to the competency of the witness, which the first stage of the plaintiffs' evidence exhibits, do not, in fact, exist.

All such evidence, if derived from witnesses competent to give evidence in the issue, is indeed to be heard by the jury, and, with all other that is admitted, is to be considered and weighed by them, in the subsequent stages of the trial. But this is no more nor less than one of the common cases in which the judge directs the sequence of proof in the trial of a cause,

---
Manchester Bank *v.* Moore.
---

and requires one fact to be proved before evidence of another fact, not otherwise admissible, can be offered. In all this, the judge, in assuming the first or conditional fact as proved, does not encroach upon or supersede the functions of the jury, who, after all, may find a verdict upon the ground that the fact so assumed by the judge has not been proved to their satisfaction, or has been disproved in the sequel of the cause.

Among other illustrations of this practice, is the introduction of the books of a party in evidence. Proof must always be made, in the first place, of such facts as show the books to be the proper books of the party, and to have been properly kept. The jury may, after all, find a verdict upon their disbelief of the introductory proof, although properly deemed by the judge sufficient to authorize the admission of the books.

We, therefore, conclude that the court of common pleas erred upon the trial, in refusing to admit evidence independent of the concessions of Moore, that he was principal and the other parties sureties only, upon the note, with a view to show that Moore himself was a witness competent to testify on the trial.

The verdict, taken by consent, for the defendants, must, consequently, be set aside and a

*New trial granted.*