27  295
72  127

## CHASE *v.* LOVERING & *a.*

According to the practice in this State, when a default is entered the court assess the damages, unless for special reasons it be deemed expedient to have them assessed by the jury, in which case it is done by one of the regular juries at court.

Where an action is against two, one of whom is defaulted and the other tried, the jury, if they find for the plaintiff, assess damages, for which judgment is rendered against both.

In an action of trespass against two, if one is defaulted and the other is tried, he who is defaulted cannot be a witness for his co-defendant, notwithstanding the defence be upon a point in which he has no interest. He has a direct interest to reduce the damages, and having that interest, he is incompetent to testify in the cause.

TRESPASS, for taking and driving away the plaintiff's cattle. The action was entered at the October term of the common pleas, 1851, and both defendants then appeared. From that term the action was continued from term to term up to the October term, 1853, when, before the commencement of the trial, Lovering became defaulted. No damages

were then assessed against him, it being deferred till the result against Locke was determined.

The plaintiff claimed to charge Locke only on the ground that Lovering, who took and drove away the cattle, was the servant of Locke, and acted therein by his direction.

On the trial, Locke offered Lovering as a witness, proposing to inquire of him only in relation to his being his servant and acting by his direction, as charged by the plaintiff. The plaintiff objected to the admission of the witness, and he was rejected by the court.

A verdict being returned for the plaintiff, Locke moved that the same be set aside and a new trial granted, on account of alleged error in the rejection of the witness.

*D. & D. J. Clarke*, for the plaintiff.

Lovering was rightly rejected as a witness. He had an interest to reduce the damages to be found by the jury against Locke, as low as possible, because the court in assessing the damages against Lovering, upon his default, would take the amount found by the jury against Locke as the proper measure of damages against Lovering.

In such cases, the judgment is ordinarily rendered against all for the amount found by the jury. *Bowman* v. *Noyes & a*, 12 N. H. Rep. 302.

It cannot make the witness admissible that he was offered to testify to particular matters in which he had no interest.

*Ayer*, for the defendants.

EASTMAN, J. It does not appear from the case whether the defendants filed any special plea or not. But we infer that the declaration was against them, jointly, and that the general issue alone was pleaded; and had Lovejoy not been defaulted, but the cause have been tried against both, and the plaintiff succeeded, the verdict would have been joint against both. If there was but one trespass and that was

joint, the damages assessed would be joint also, if both were found guilty, even if the defendants had severed in their pleas, or Lovejoy had been defaulted before plea pleaded. *Hill & al.* v. *Goodchild,* 5 Burr. 2790 ; *Mitchell* v. *Millbank & al.* 6 Term Rep. 199 ; 1 Saund. 207, *a* note 2 ; *Bohun* v. *Taylor,* 6 Cowen 313.

But this rule does not prevent a jury from finding one defendant guilty of a trespass at one time and the other at another, Cro. Car. 54 ; or one of them guilty of a part of the trespass and the other of another part, *Heyden's Case,* 11 Co. 5 ; or some guilty of the whole trespass and another guilty of a part only, Cro. Eliz. 860 ; in all which cases several damages may be assessed. *Proprietors of Kennebec* v. *Boulton & al.* 4 Mass. Rep. 419 ; *Kempton* v. *Cook & al.* 4 Pick. 305.

By the English practice, where one defendant is defaulted and the other pleads to issue, a special venire issues, as well to try the issue as to inquire of the damages, and the jury who try the issue assess the damages against all the defendants. *Hayden's Case* 11 Co. 5 ; *Dicker* v. *Adams,* 2 B. & P. 163.

In Strange 1222, it is said that if in trespass or assault and battery against two, one confesses and the other pleads to issue, it is the practice now to issue the writ of inquiry, so that the same jury tries the issue and assesses the damages, and in case the defendant who pleads is acquitted, yet the plaintiff shall go on to assess damages against the other. And so is the practice in New York, and probably wherever the English practice is followed. *Van Schaick* v. *Trotter,* 6 Cowen 600.

In this State, we have no practice, like that in England and New York, of issuing a writ of inquiry and summoning a special jury to assess the damages ; but where a default has been entered the court assess the damages, unless, for some special reason, they order an inquiry into the damages by the jury. Should that be done, the matter would

be committed to one of the regular juries in attendance upon the court, by whom it would be tried in the same manner as common cases, with the exception that the trial and verdict would be confined merely to the amount of damages. And where one defendant is defaulted and another defends, there is not, in point of form, any inquiry of damages against the one defaulted; but in practice the jury do, in effect, assess the damages, if they find against the other defendant. Judgment is rendered against both for the amount of damages assessed by the jury. If the one who defends obtains a verdict, then damages are assessed on the default, as if there had been originally but a single defendant. *Bowman* v. *Noyes & a.* 12 N. H. Rep. 307.

When Lovejoy was offered as a witness two matters were to be decided by the jury; one, whether Locke was guilty of the trespass or not, and the other, what should be the amount of damages in case he was. If there had been no controversy about the damages, and the only question was as to the guilt of Locke, perhaps Lovejoy, since the statute of 1834, might have been a witness. He would seem to have no interest in the result in favor of Locke, if the trial was to be upon that point only which is stated in the case. His interest would be rather to charge Locke than otherwise, so that Locke might contribute to the payment of the damages. But the damages being uncertain, the jury were to settle, not only the liability of Locke, but the damages also, in case they found for the plaintiff; and the damages found by them would be the measure against Lovejoy. What was before uncertain as to him would be rendered certain and established by the verdict, and he would, of course, have an interest to reduce the damages. *Bowman* v. *Noyes,* 12 N. H. Rep. 308.

Having an interest to reduce the damages, he was incompetent to testify as to the point whether he acted as the servant of Locke; for, as a general rule, a witness who has

an interest in a cause cannot be permitted to testify as to particular matters in which he has no interest.

Had Lovejoy been admitted professedly to testify that he did not act as the servant of Locke, and by his directions, but upon his own responsibility, other witnesses might have been introduced, whose testimony would show that he did; so that, notwithstanding the testimony of Lovejoy, Locke might still be found guilty; and Lovejoy, while giving his testimony upon that point, might incorporate into it statements which would have an important bearing upon the question of damages, in which he had a direct interest.

We think the ruling of the court was correct, and that there must be

*Judgment on the verdict.*